CARSWELL *v.* METROPOLITAN LIFE INS. CO.

INSURANCE—PLEADING—GROUP   POLICY—DESIGNATION   OF   BENE-
FICIARIES—PAYMENT.

> Declaration in action against insurer under group policy by
> plaintiff, Sadie, insured's widow, which alleged that insured
> designated his wife as beneficiary but used name Gladys in
> application for insurance, that beneficiary was never changed,
> that there never was a person by the name of Gladys who stood
> in such a relation to deceased as to be a proper object of his
> bounty, and that certificate of insurance permitted payment
> to wife of insured, stated a cause of action against insurer in
> absence of allegation of payment to the beneficiary in the
> declaration or affidavit bringing the matter before the court;
> hence dismissal of action was error.

Appeal from Wayne; Simpson (John), J., presiding. Submitted April 9, 1940. (Docket No. 73, Calendar No. 41,078.) Decided June 3, 1940.

Action by Sadie Carswell against Metropolitan Life Insurance Company, a New York corporation, and General Motors Corporation for sums due on a group life insurance policy. Dismissed as to defendant General Motors Corporation. From order granting defendant Metropolitan Life Insurance Company's motion to dismiss, plaintiff appeals. Reversed and remanded.

*Robert D. Anspach, Devine, Kent & Devine (Frank Rosenbaum,* of counsel), for plaintiff.

*Bulkley, Ledyard, Dickinson & Wright (Max L. Veech,* of counsel), for defendant.

WIEST, J.   This is review of a granted motion to dismiss a declaration because of alleged defects therein.

Under a group insurance policy issued by defendant insurance company to the General Motors Corporation, Bruce Carswell, an employee of that corporation, was insured, with beneficiary designated as Gladys Carswell, his wife. Upon the death of Mr. Carswell, Sadie Carswell, his widow, brought this action at law against the insurance company and the General Motors Corporation to recover as the true and intended beneficiary. By stipulation of counsel the suit as to the General Motors Corporation was dismissed without prejudice to either party. The insurance company moved to dismiss on the ground that the declaration did not state a cause of action.

In the declaration plaintiff stated:

"That in the application for said certificate of insurance, said Bruce Carswell, the deceased, designated his wife as beneficiary but instead of using this plaintiff's name, namely, Sadie Carswell, used the name Gladys Carswell, and that the beneficiary in said certificate was designated accordingly; and that said beneficiary was never changed; that plaintiff was the true and lawful wife of Bruce Carswell at the time said application was executed and at all times thereafter.   *   *   *

"That there is no Gladys Carswell, nor was there ever such a person in relation to the deceased who would be a proper object of bounty on the part of the deceased; and that said deceased never had a wife by the name of Gladys Carswell; and that at the time of the death of the said insured, there was no such person as Gladys Carswell who would be entitled either as a matter of law or contract to receive any benefits of said Bruce Carswell as his beneficiary; and that at the time of the death of said Bruce Carswell, this plaintiff was his true and lawful wife.   *   *   *

"That among the terms and provisions of the aforementioned certificate of insurance under the heading of 'Beneficiaries' there is the following:

" 'If there is no designated beneficiary at the time when any benefits shall be payable to the beneficiary, then the benefits shall be paid as follows: To the wife or husband, if living, of such employee; if not living, to the children of such employee who survive such employee, equally; if none survive, to the father and the mother of such employee equally, or to the survivor; if none of the above survive such employee, to the estate of such employee.'

"That although plaintiff has complied with all of the provisions, conditions and requirements of said certificate and policy of insurance and has made demand for the face amount of said policy, the defendants have refused to pay said claim or any part thereof."

Determination of the motion to dismiss turned upon whether the declaration stated a cause of action.

The circuit judge held that the fact that the designated beneficiary was not the legal wife of the insured did not prevent her from being the beneficiary under the policy and that the insurance company had already paid Gladys Carswell, the beneficiary named in the policy, which, in the opinion of the court, it had a right to do, and granted the motion to dismiss.

The declaration did not allege payment to the beneficiary and no affidavit was filed bringing that matter before the court.

We think the declaration required the framing of issues of fact, and the court was in error in dismissing the action.

The dismissal of the action is reversed and the case remanded for further proceedings. Plaintiff will recover costs.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, MCALLISTER, and BUTZEL, JJ., concurred.